McAdam, C. J.
Gambling is forbidden (3 R. S., 6th ed., 918; Penal Code, §§ 336, 341), and is a crime within the meaning of that term as defined by the Penal Code, § 3. As a rule, a witness cannot be required to give any answer which may expose him to punishment for crime or which may even add a link to a chain of testimony tending to such, a result. 1 R, S., 6th _ed,, 376; § 13, Code Civ. Pro., 837; Henry v. Bank of Salina, 1 N. Y., 83; People v. Mather, 4 Wend. 230. To give the winners is practically giving the names of witnesses, who might testify to the defendant’s guilt, and a witness is not ordinarily required to give such information. Upon criminal investigations or preceedings of offenses against the gambling act, witnesses are not excused from answering on the ground of privilege or fear of crimination, but their testimony is not to be received in any criminal proceeding instituted against them. Penal Code, § 342. In the interest of justice the privilege is_ removed ■and in its place the witness is accorded the protection of the law.
The inquiry is, therefore, reduced to the question whether the provisions of the Code in regard to examinations in supplementary proceedings, in like manner remove the *293 privilege of the witness, by substituting in its place similar protection. The Code of Civil Procedure (section 2460) provides ‘c that a party or a witness * * * is not excused from answering a question, on the ground that his examina-tian will tend to convict him of the commission of a fraud, or to prove that he has been a party or privy to, or knowing of, a conveyance, assignment, transfer or other disposition of property for any purpose * * * but an answer cannot be used, as evidence against the person so answering in any criminal action or proceeding. ” This enactment is an innovation upon the ordinary rule of evidence and was intended to give a more full examination than could be attained without it, and as far as it extends, must be-enforced.
Fraud is one crime, gambling another; and a special rule of evidence applicable to the one cannot by mere inference be made to apply to the other. But the Code provision just cited is not only aimed at fraud, but applies equally to all transfers or other disposition of property for any purpose, - and as to such transfers or disposition, the privilege of the witness is removed, and the protection of the statute extended in lieu of it. A debtor who loses money by games of chance has made an illegal disposition of so much of his property, to the injury, if not in fraud, of creditors, and they are entitled to a searching examination as to its whereabouts, notwithstanding the fact that crime is revealed as an incident of the inquiry as the means of the wrongful disposition.
Laws are intended to protect creditors and society generally, and in its effort to do this may, under proper conditions, expose and punish frauds and lay crime bare, however unpleasant the exposure may be to those affected by it. The right of action for money lost at gaming is not a personal privilege of the loser, but is assignable and passes to a receiver in supplementary proceedings. Meech v. Stoner, 19 N. Y., 26. The proposed inquiry in view of the Code provision aforesaid (sec. 2460) does not violate the elementary rule as to privileged questions, and the application to compel the witness to answer will therefore be granted.