F. E. MINTERS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon November 4, 1891.*

1.  WITNESS—*not bound to criminate himself.* A witness is not bound to criminate himself, or to give testimony that may tend to subject him to criminal or penal liability, or which may furnish a link in the chain of evidence of his amenability to a conviction.

2.  SAME—*evidence tending to criminate.* A witness before the grand jury, after stating that he knew of persons playing with cards for money in the county within the last eighteen months, was asked, "Who did you see playing?" which question he refused to answer, on the ground he could not do so without giving evidence tending to criminate himself, and he was fined for contempt of court in refusing to answer the question : *Held,* that the court erred in fining the witness for refusing to answer the question.

3.  A party to a game at cards will not be·obliged to give the names of others playing in the same game, as it will tend to furnish proof of his criminal participation.

4.  SAME—*whether evidence tends to criminate—question for the court.* It is the province of the court to judge whether any direct answer to a question will furnish evidence against the witness. If such answer may disclose a fact which forms an essential link in the chain of testimony which will be sufficient to convict him of crime, he is not bound to answer it.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Gallatin county; the Hon. C. C. BOGGS, Judge, presiding.

Messrs. PILLOW & MILLSPAUGH, for the plaintiff in error:

No person is compellable by the law to disclose any one fact that will tend, either directly or indirectly, to expose him to a criminal charge. Const. art. 2, sec. 10; 1 Greenleaf on Evidence, sec. 451; *People* v. *Mather*, 4 Wend. 229; *Parkinhurst* v. *Lawten*, 2 Swanst. 212; *Burr's Trial*, 244; *Weldon* v. *Birch*, 12 Ill. 374; *Smith* v. *People*, 20 Bradw. 591.

Mr. GEORGE HUNT, Attorney General, for the People:

The giving of the name of a person whom plaintiff in error had seen playing at cards for money, could not, of itself, tend to criminate the witness, nor would it be any link tending to prove his guilt. Greenleaf on Evidence, sec. 451 a; *People* v. *Hackley*, 24 N. Y. 83; *Smith* v. *People*, 20 Ill. App. 591.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The plaintiff in error was subpœnaed as a witness to testify in reference to a charge under investigation before the grand jury of Gallatin county. After being sworn, the foreman of the grand jury asked the witness the following question: "Do you know of any person playing at a game of cards, for money, in Gallatin county, within eighteen months past?" To which question he answered, "I do." The foreman then asked the following question: "Who did you see playing?" Which last question plaintiff in error refused to answer, on the ground that he could not do so without giving evidence against and tending to criminate himself. Thereupon the foreman of the grand jury caused the plaintiff in error to be brought before the circuit court, then judicially sitting, to be dealt with as for contempt in refusing to answer said last question. Plaintiff in error appeared in open court and stated voluntarily that the foregoing was a correct statement of the proceedings before the grand jury, and that he had answered the first question and refused to answer the last, because to do so would crim-

inate or tend to criminate himself. The court then ruled and stated to him that he was not required to give evidence against himself, nor to give evidence that would tend to criminate himself, but that he was required to answer whether or not he had seen any person other than himself play at cards for money,—that he might lawfully refuse to tell anything that he himself had done, but that he could not lawfully refuse to tell what he had seen another person do. Plaintiff in error then asked if the court held that a witness before a grand jury was required to tell that he had seen others gaming for money if the witness was also playing at the same time and in the same game with such other persons, and the court thereupon ruled that under such circumstances the witness was bound to tell that the others had played, but that he (plaintiff in error) might lawfully refuse to tell anything that he himself had done or said, or anything that tended to criminate himself, but that he must tell if he had seen others play; that the fear that his answer might induce the other parties to testify against him in retaliation, or that the grand jury might summons the others and force them to tell, was not a lawful reason for refusing to answer the question. The plaintiff in error still refusing to answer the question, the court adjudged him in contempt of court, and assessed a fine against him of $25, as a punishment. The judgment of the circuit court having been affirmed in the Appellate Court, this writ of error was sued out to reverse the latter judgment.

Section 10 of article 2 of our constitution provides: "No person shall be compelled, in any criminal case, to give evidence against himself." Starkie on Evidence, (part 2, p. 136,) says: "A witness is not bound to answer any question, either in a court of law or equity, if his answer will expose him to any criminal punishment or penal liability, agreeable to the wise and humane principle that no man is bound to criminate himself." Greenleaf, in the discussion of this question, (vol. 1, sec. 451,) says: "Where the answer will have a tendency to

expose the witness to a penal liability   *   *   *   or to a criminal charge, then the authorities are exceedingly clear that the witness is not bound to answer." If the fact to which he is interrogated forms but one link in the chain of testimony which is to convict him, he is protected; and whether it may tend to criminate or expose the witness is a point which the court will determine under all the circumstances of the case, but without requiring the witness fully to explain how he might be criminated by the answer which the truth would oblige him to give.

In *The People* v. *Mather*, 4 Wend. 229, it is said: "When the disclosures he (the witness) may make can be used against him to procure his conviction for a criminal offense, or to charge him with penalties and forfeitures, he may stop in answering before he arrives at the question the answer to which may show directly his moral turpitude.   *   *   *   If there be a series of questions, the answer to all of which would establish his criminality, the party can not pick out a particular one and say, if that be put the answer will not criminate him. If it is one step having a tendency to criminate him he is not compelled to answer." In 1 Burr's Trial, 424, Chief Justice MARSHALL, in discussing this question, said: "It is the province of the court to judge whether any direct answer to the question which may be proposed will furnish evidence against the witness. If such answer may disclose a fact which forms a necessary and essential link in the chain of testimony which would be sufficient to convict him of any crime, he is not bound to answer it, so as to furnish matter for that conviction."

It will be observed from the authorities cited, that a witness is not required to go on and answer questions until one is propounded the answer to which will of itself criminate him of a crime, but if the evidence elicited tends to criminate the witness, or if it constitutes a link in a chain of evidence which might criminate the witness, he may claim his privilege and

refuse to answer. Here the grand jury was investigating the question whether certain persons had been guilty of gambling by playing with cards for money. The witness had played in a certain game with these persons, and the question presented is, whether he could disclose the name of the person or persons with whom he played without furnishing a link in a chain of testimony sufficient to establish his own guilt. In other words, if A and B play with each other a game with cards for money, can A testify that he saw B play without disclosing evidence which will form a link in a chain of testimony sufficient to con-vict A? The answer to this would seem to be obvious. The testimony of A establishes the fact that two persons played with cards for money. The name of one is given. One more link in the chain of evidence will suffice to complete the chain and establish the crime,—that is, that A also joined in the game. Gaming is an offense that one person can not commit alone,—he must, of necessity, have an accomplice. Under the rule adopted in this case, plaintiff in error was compelled to go on the stand and testify that a crime had been committed and give the name of his accomplice, and was only allowed to withhold the fact that he was the other guilty party. We think the ruling violated that long and well established rule of law which shields a party from testifying to a fact that may criminate himself. If plaintiff in error had not been a party to the crime which the People were attempting to prove, or if he had merely been in a room or place and saw others play, he could be compelled to testify to all he saw. But such was not the case. He was a party to the game. He and another had violated the law, and he could not be required to establish the crime by his own evidence.

The judgments of the Appellate and circuit courts will be reversed and the cause remanded.

*Judgment reversed.*