S. WARREN LAMSON *et al.*

*v.*

GEORGE D. BOYDEN *et al.*

*Filed at Ottawa March 28, 1896.*

1. WITNESSES—*cannot be compelled to give self-criminating testimony.* Defendants in an action to recover back an excess of price alleged to have been paid for grain because of a "corner" cannot be compelled to testify that they cornered the market, as the Criminal Code (div. 1, sec. 130,) makes that act a criminal offense.

2. SAME—*cannot be compelled to produce criminating documents.* Defendants excused from testifying as to their having cornered the market, on the ground that their answers would tend to criminate them, cannot be compelled to produce books or papers which would have the same effect.

3. SAME—*effect of bar of Statute of Limitations.* A witness cannot be deprived of his privilege not to produce evidence to convict himself of a criminal offense, on the ground that a prosecution for such offense is barred by limitation, where it does not appear affirmatively that no prosecution is pending against him at the time he is called upon to produce such evidence.

4. CONSTITUTIONAL LAW—*statutory immunity from punishment must be complete.* If the offense of obtaining money by cornering the market is within section 137, division 1, of the Criminal Code, providing for discovery of moneys obtained by gaming, and that upon repayment of such moneys the person accused shall be discharged from any further punishment, such provision is unconstitutional, as not making the immunity complete, but conditional, only.

5. APPEALS AND ERRORS—*a point not made below will not avail on appeal.* Replies to a claim of privilege as to the production of evidence, not set up in the court below, cannot be urged on appeal.

*Lamson v. Boyden,* 57 Ill. App. 232, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE F. BLANKE, Judge, presiding.

L. H. BISBEE, and D. M. KIRTON, for appellants:

It was repeatedly urged by counsel for the plaintiffs that the Statute of Limitations barred the future prosecution of appellees for the offense charged, and such

urging unquestionably put upon appellees the burden of showing that the bar of the statute was not a complete protection to them. *Close* v. *Olney*, 1 Denio, 319; *McLain* v. *State*, 4 Ga. 335; *People* v. *Miller*, 12 Cal. 291; *United States* v. *Smith*, 4 Day, 124; *United States* v. *Cook*, 17 Wall. 168.

If the Statute of Limitations is to be relied upon, the plaintiff must either plead it, or show by something said or done at the trial that he intends to rely upon it. The burden will then be thrown upon the defendant to show that the bar of the statute is not a complete protection to him. *Welden* v. *Birch*, 12 Ill. 373.

A payment of money upon an illegal or unjust demand, when a party is advised of all the facts, can only be considered involuntary when it is made to secure the release of person or property or to prevent the threatened seizure of person or property. *Cable* v. *Foley*, 45 Minn. 421; *Lange* v. *Sofell*, 33 Ill. App. 624; *Young* v. *Simms*, 41 id. 18; *Murphy* v. *Creighton*, 45 Iowa, 179; *Hackley* v. *Headley*, 45 Mich. 569; *Custin* v. *Viroqua*, 67 Wis. 314; *Westlake* v. *St. Louis*, 77 Mo. 47; *DeGroff* v. *Ramsey*, 46 Minn. 319; *Colgalizer* v. *Salem*, 61 Ind. 445; *Emmons* v. *Scudder*, 115 Mass. 367; *Emery* v. *Lowell*, 127 id. 138; *Town of Brazil* v. *Kress*, 55 Ind. 14; *Ocean Navigation Co.* v. *Tappan*, 16 Blatch. 296.

FRANCIS A. RIDDLE, and JAMES E. MUNROE, for appellees :

When a witness is called after the lapse of the limitation period, and claims to be privileged, he must be excused from testifying or producing evidence against himself unless it affirmatively appear that no prosecution was commenced within the period of limitation, or, if so commenced, that it has been discontinued. Rapalje on Witnesses, sec. 268; *Bank* v. *Henry*, 2 Denio, 156; *Henry* v. *Bank*, 1 N. Y. 87; *Railroad Co.* v. *Russell*, 91 Ga. 808; *Matter of Tappan*, 9 How. Pr. 395; *Marshall* v. *Riley*, 7 Ga. 372.

The bill of exceptions is to be construed most strongly against the party whose pleading it is, and it must show,

in express terms, what was excepted to, and that the exception was taken at the time when the thing excepted to was done. *Rogers* v. *Hall,* 3 Scam. 6; *Gibbons* v. *Johnson,* id. 61 ; *Dickhut* v. *Durrell,* 11 Ill. 72 ; *Garrity* v. *Hamburger Co.* 136 id. 501; *Arcade Co.* v. *Allen,* 51 Ill. App. 305; *Monroe* v. *Snow,* 33 id. 230.

Where a party pays an illegal demand with full knowledge of the facts that make it illegal, unless it be to release his person or property from detention or to prevent an immediate seizure of his person or property, such payment is voluntary, and cannot be recovered; and the fact that the party paying makes a protest at the time of payment does not change his right. *Wabaunsee Co.* v. *Walker,* 8 Kan. 431; *Wolf* v. *Marshall,* 52 Mo. 167; *Murphy* v. *Creighton,* 45 Iowa, 179.

The fact that business necessities compel the payment of money will not alter the voluntary character of the payment. *Cable* v. *Foley,* 45 Minn. 421 ; *Custin* v. *Viroqua,* 67 Wis. 314; *DeGroff* v. *Ramsey,* 46 Minn. 319; *Colgalizer* v. *Salem,* 61 Ind. 445; *Emmons* v. *Scudder,* 115 Mass. 367; *Westlake* v. *St. Louis,* 77 Mo. 47; *Emery* v. *Lowell,* 127 Mass. 138; *Town of Brazil* v. *Kress,* 55 Ind. 14; *Ocean Navigation Co.* v. *Tappan,* 16 Blatch. 296.

Whenever a witness is excused from giving testimony upon the ground that his answers will tend to criminate him, or subject him to fines, penalties or forfeitures, he cannot be compelled to produce books or papers which will have the same effect. *Boyd* v. *United States,* 116 U. S. 616; *Counselman* v. *Hitchcock,* 142 id. 581; 1 Wharton on Evidence, secs. 533, 534, 751 ; *Boyle* v. *Smithman,* 146 Pa. St. 255; *Logan* v. *Pennsylvania Co.* 132 id. 403.

A witness is not bound to criminate himself, or to give testimony that may tend to subject him to criminal or penal liability, or to charge him with a penalty or forfeiture, or which may bring about such a result. *Minters* v. *People,* 139 Ill. 363; *Boyd* v. *United States,* 116 U. S. 616; *Counselman* v. *Hitchcock,* 142 id. 563; *Southard* v. *Rexford,* 6

Cow. 255; *Cates* v. *Hardacre*, 3 Taunt. 424; *Lister* v. *Becker*, 6 Blackf. 439; *Marshall* v. *Riley*, 7 Ga. 367; *Johnson* v. *Donaldson*, 18 Blatch. 287.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of assumpsit, brought by appellants composing the firm of Lamson Bros. & Co., against appellees composing the firm of Boyden & Co. The declaration contains the common counts only, and recovery is sought under the count for money had and received. In the trial court the cause was tried by agreement before the judge without a jury. The only evidence introduced was that of the plaintiffs; the defendants offered no proof. The issues were found for the defendants, and judgment was rendered against the plaintiffs for costs. This judgment has been affirmed by the Appellate Court, and the present appeal is prosecuted from such judgment of affirmance.

Upon the trial below, neither party submitted to the court any written propositions to be held as law in the decision of the case, as is required to be done by section 41 of the Practice act in case of a trial by agreement before the court without a jury. (1 Starr & Cur. Stat. p. 1808). As no written propositions of law were submitted to the trial court, no question of law is presented for our decision, except that which arises out of the refusal of the court below to compel the defendants to testify and produce books as hereinafter explained. (*Miller* v. *People*, 156 Ill. 113; *Bank of Michigan City* v. *Haskell*, 124 id. 587; *Northwestern Ass.* v. *Hall*, 118 id. 169).

In 1888 and 1889, and before and after those years, appellants and appellees were members of the Board of Trade in Chicago, and were doing business on said board. The proof tends to show, that appellants sold to different members of the board about 170,000 bushels of No. 2 corn, including 5000 bushels sold to appellees, for deliv-

ery during the month of November, 1889, at a price of from thirty to thirty-two cents per bushel, the sellers having until the last day of November, 1889, to deliver the corn so sold. Appellants claimed upon the trial, and based their right of recovery upon the theory, that, during November, 1889, appellees controlled all the No. 2 corn in Chicago for delivery during that month, and created and brought about a "corner" therein on the 29th day of that month; that they caused the price of corn to advance on that day from about thirty-two cents to fifty-eight or sixty cents per bushel; that they forced appellants to purchase from them 120,000 bushels of said corn at fifty-eight cents per bushel, when the true market price of it was only thirty-two cents per bushel; and that, by reason of such alleged cornering of the market, appellants, in order to obtain corn to deliver to the parties to whom they had made sales, were obliged to pay, and did pay, to the appellees the difference between the fictitious price created by the corner and the fair market price, said difference amounting to a large sum of money. The object of this suit is to recover the amount of the difference so paid.

Upon the trial, the appellants sought to compel the appellees to answer certain questions, and to produce certain books and documents, for the avowed purpose of proving, that the appellees had cornered the market as alleged, and that the moneys so paid to them by appellants were paid on account of losses sustained by reason of such corner. The trial court refused to compel the appellees to answer, or to produce the books called for; and exception to this ruling was taken by appellants. Whether the ruling thus made by the trial court was correct or not is the only question, which we are called upon to consider.

The ground, upon which the court refused to compel the appellees to furnish the evidence called for, was, that such evidence, if produced, would tend to convict them

of a criminal offense and subject them to a penalty and forfeiture. It appeared from the statements of the appellees when upon the witness stand, that the evidence called for would have a tendency to show that appellees had operated a corner, or would form a link in the proof of that charge. We are of the opinion, that the appellees had a right to refuse to answer the questions asked and to refuse to produce the books demanded. The reasons for this conclusion are embodied in the considerations hereinafter presented.

Section 130 of division 1 of the Criminal Code provides, that whoever corners the market, or attempts to do so, in relation to any grain or other commodity, shall be fined not less than $10.00, nor more than $1000.00, or confined in the county jail not exceeding one year, or both. (1 Starr & Cur. Stat. p. 791). This statute was in force when the transactions occurred and the trial took place, and, therefore, the act of cornering the market was at that time a criminal offense, punishable by fine or imprisonment, or by both fine and imprisonment.

A witness is not bound to answer any question, either in a court of law or equity, the answer to which will expose him to any penalty, fine, forfeiture or punishment, or which will have a tendency to accuse him of any crime or misdemeanor, or to expose him to any penalty or forfeiture, or which would be a link in a chain of evidence to convict him of a criminal offense. (*Minters* v. *People*, 139 Ill. 363; 1 Greenleaf on Evidence, sec. 453; Story's Eq. Pl. sec. 846; 1 Wharton on Evidence, sec. 534; *Henry* v. *Salina Bank*, 1 N. Y. 83).

Whenever a witness is excused from giving testimony upon the ground, that his answers will tend to criminate him, or subject him to fines, penalties or forfeitures, he cannot be compelled to produce books or papers which will have the same effect. (1 Wharton on Evidence, sec. 533; *Boyle* v. *Smithman,* 146 Pa. St. 255 ; *Counselman* v. *Hitchcock*, 142 U. S. 547).

It is claimed, that, when appellees were called as witnesses and asked to produce their books, the time, within which a prosecution could be instituted for the offense of cornering the market, had expired, or, in other words, that the right to prosecute for the offense was barred by the Statute of Limitations. We have held, that, where the criminal prosecution, to which the answer of a witness might render him liable, has been barred by the Statute of Limitations, he cannot claim his privilege, but must testify. In such case, the bar of the statute will secure to the witness a perfect defense to any attempt to prosecute him criminally. (*Weldon* v. *Burch*, 12 Ill. 374). But, in order to deprive the witness of his privilege, the party calling upon him to answer must not only show, that the time for prosecuting has elapsed, but he must also show, that no prosecution has been commenced within the period of limitation, or if one had been commenced, that it has been discontinued. "It is no answer to a witness' claim of privilege, that the Statute of Limitations has run against the offense, unless it appears affirmatively, that no proceedings to enforce the penalty were commenced within the period of limitation." (Rapalje's Law of Witnesses, sec. 268). "In order to deprive the witness of his privilege, it is not sufficient to show simply, that a prosecution instituted after the question is asked would be barred; it should appear affirmatively, that no prosecution is then pending." (29 Am. & Eng. Ency. of Law, p. 842; *Bank* v. *Henry*, 2 Denio, 156; *Henry* v. *Bank*, 1 N.Y. 87; *Southern Ry. News Co.* v. *Russell*, 91 Ga. 808; *Marshall* v. *Riley*, 7 id. 372; *Matter of Tappan*, 9 How. Pr. 395).

In the case at bar, there is nothing in the record to show, that the plaintiffs, upon the trial below, claimed that the right to prosecute appellees for the offense of cornering the market was barred by the Statute of Limitations. Nor does it appear anywhere in the record, that no prosecution was pending against appellees when they were called upon to testify and produce their books.

Inasmuch as these replies to the claim of the privilege were not made or set up in the court below, it is too late to urge them here. (*Bank* v. *Henry, supra; Henry* v. *Bank, supra*).

Appellants contend, that appellees were bound to answer the questions put to them and to produce their books because of section 137 of division 1 of the Criminal Code, which is as follows: "In all actions or other proceedings commenced or prosecuted under the provisions of sections 126 to 135, inclusive, of this division, the party shall be entitled to discovery as in other actions, and all persons shall be obliged and compelled to answer, upon oath, such bills as shall be preferred against them for discovering the sum of money or other thing so won as aforesaid. Upon the discovery and repayment of the money or other thing so to be discovered and repaid, the person who shall discover and repay the same, as aforesaid, shall be acquitted, indemnified and discharged from any other or further punishment, forfeiture or penalty which he might have incurred by the playing for or winning such money or other thing so discovered or repaid, as aforesaid."

We do not deem it necessary to discuss the question, whether section 137 applies to the offense of obtaining money by cornering the market, or not. If, however, the contention of appellants, that it does apply here, is correct, then it cannot be regarded as a constitutional enactment, in view of the decision of the Supreme Court of the United States in the recent case of *Counselman* v. *Hitchcock*, 142 U. S. 547. The immunity provided for by section 137 is not absolute and unconditional, but is dependent upon making restitution, as indicated by the words: "Upon the discovery and *repayment* of the moneys or other things so to be discovered and repaid," etc. Under the doctrine of the *Counselman case*, a statutory enactment, requiring a witness to give evidence which may convict him of crime, is unconstitutional, unless it

affords "absolute immunity against future prosecution for the offense to which the question relates." The provision, that the party making the discovery shall not be prosecuted, or punished with respect to the subject matter of the discovery, must be without condition. "The exonerating statute must be so broad as to give the witness complete amnesty." He does not have "absolute immunity" or "complete amnesty," if his freedom from the liability to future prosecution is dependent upon repayment or restitution.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*