VIRGINIA F. WARNER, Plaintiff, *v.* GEORGE DE CUEVAS, Defendant.

Supreme Court, Special Term, New York County, December 7, 1945.

*William J. Granger* for plaintiff.

*Montrose H. Massler* for defendant.

KOCH, J. In this action instituted to recover upon certain promissory notes defendant interposes as a defense that the discounting of the notes was in violation of subdivision 1 of section 130 of the Banking Law, and that accordingly plaintiff may not recover therefor. Plaintiff moves under rule 109 of the Rules of Civil Practice to strike out this defense as insufficient in law. Examination of the stated section of the Banking Law discloses that officers, directors or employees of banks and

trust companies shall not discount commercial paper known to have been offered for discount to their bank or trust company and to have been refused. Nothing contained in the statute bars recovery on any instruments discounted in violation thereof or declares the same void or the transfer thereof void. The penalty for such violation is clearly set forth in the statute. Violators thereof shall forfeit to the State twice the amount of any such loan made.

In opposing this application defendant relies principally on *Henry* v. *Salina Bank* (1 N. Y. 83). There the Court of Appeals held on the authority of the statute as it then existed (Rev. Stat. of N. Y., part I, ch. XVIII, tit. IV, § 10), that the note in the language of the section in question was utterly void. No such provision appears in the present Banking Law. The position of our courts at the present time with reference to illegal contracts is set forth in *Rosasco Creameries, Inc.*, v. *Cohen* (276 N. Y. 274). There the Court of Appeals held that, where the illegality is merely malum prohibitum, does not endanger health or morals and that the statute, while providing for a penalty, does not provide that the contract is unenforcible, that illegality will not bar recovery. It cannot be said that the discount of paper by bank employees, the discount of which, to the knowledge of the employee, has been refused by the bank, is malum per se. The statute, while providing penalties, does not bar recovery on instruments so discounted. It follows, therefore, that the defense interposed is legally insufficient and must be stricken.