# MOLINE WAGON COMPANY
## v.
# PRESTON & COMPANY.

*Evidence—Cross-examination—Witness—When Excused from Testifying.*

1.   Upon cross-examination a witness may be asked any question tending to impeach his impartiality in a given transaction, and he will not be excused from answering unless he claims the privilege on the ground that he. will, by so doing, expose himself to punishment; and mere disgrace without danger of punishment is not enough to so excuse him.

2.   In the case presented, this court holds that the trial court erred in sustaining an objection to a question asked a witness upon cross-examination. the same being relevant to the cause on trial, as tending to show whether the witness was under peculiar obligations to the party calling him, and that the fact that a certain bargain might have been proved by other witnesses did not cure the erroneous exclusion of testimony offered.

## [Opinion filed February 12, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. OSBORN & LYNDE and CHARLES DUNHAM, for appellant.

The court erred in refusing to allow the plaintiff to cross-examine Whittle as to whether he was not indebted to Preston & Co., and in refusing to allow it to show that he was indebted to the defendant for a large amount of money on indebtedness which was not incurred by Preston & Co.'s consent.

The jury's verdict depended entirely on whether they believed the testimony of Rosenfield and Deere that Whittle did make the agreement in question, or the testimony of Whittle that he did not make this agreement. Their testimony on that question, the only question in controversy, was in direct, absolute conflict. The two witnesses for the plaintiff swore flatly that this agreement was made, while Whittle

swore that he did not make it; and the jury preferred to believe Whittle's testimony.

It can not be questioned but that it was proper and competent for the plaintiff to cross-examine Whittle as to his relations to the defendant, in whose behalf he was testifying This we understand to be the general rule laid down by all of the authorities.   Greenleaf on Evidence (12th Ed.), Secs. 446 450; Thompson on Trials, Sec. 450; Taylor on Evidence, Secs. 1428, 1440, 1442; Stephen's Digest of the Law of Evidence, Art. 129, p. 185.

This rule is so clearly stated in Thompson on Trials, Sec. 450, that we quote it at length:

" It is one of the objects of a cross-examination to discover the motives, inclinations and prejudices of the witness, for the purpose of reducing the effect which might otherwise be given to his evidence.   Accordingly it has been well said that 'it is always competent to show the relations which exist between the witness and the party against, as well as for, whom he was called.'   The general rule is that anything tending to show bias or prejudice on the part of a witness may be brought out on his cross-examination.   The reason for the rule is that such matters affect the *credit* (the italics are the author's) of the witness, and it is therefore material to indulge in such an inquiry."   Phenix v. Castner, 108 Ill. 207.

In Starks v. The People, 5 Denio, 108, the court says, in reference to questions asked on cross-examination and not permitted:   " It is always competent to show the relations which exist between the witness and the party against, as well as the one for, whom he was called.   The inquiry is material, as it goes directly to the credit of the witness in the particular case."   Newton v. Harris, 2 Seld. 345; People v. Furtado, 57 Cal. 345.

In Taylor on Evidence, Sec. 1440, the author states that, whether questions respecting the *motives, interest or conduct* of the witness, as connected with the case or with either of the parties, are irrelevant, is a point on which the authorities differ; and cites, among other authorities, the case of Thomas v. David, 7 C. & P. 350, where it was held, in an action on a

promissory note, the execution of which was disputed, material to ask the subscribing witness whether she was not the plaintiff's kept mistress. In Sec. 1442 the author states that the general rule is that the witness may be asked any questions tending to impeach his impartiality, and that his answers might be contradicted by other witnesses; referring to the decision in Attorney General v. Hitchcock, 1 Exch. Rep. 94, 100, 102; and Miles v. Sacket, 30 Hun, 68.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for appellee.

GARY, P. J. Both these parties are corporations, and the question between them on the trial in the Circuit Court was whether certain negotiable paper bought by the appellants from the appellees was so bought with the privilege of return. Mr. Whittle, the business manager of the appellees, having testified on their behalf that no such privilege was in the bargain, was asked on cross-examination by the appellants, " Are you indebted to Preston & Co.? " and on objection by the appellees, counsel for appellants stated that they desired to show that the witness was so indebted for a large amount of money, or indebtedness which was not incurred by consent of the appellees.

The objection was sustained and the appellants excepted. The rule that on cross-examination a witness may be asked any question tending to impeach his impartiality, is universally recognized by the text books, and the only doubt is as to when his answer may be contradicted by other testimony. Phenix v. Castner, 108 Ill. 207; 2 Ph. Ev. C. & H. 905; 2 Tay. Ev. Sec. 1442.

And the witness will not be excused from answering unless he claims his privilege on the ground that he will, by answering, expose himself to punishment.

The privilege is his, and not that of the party. 1 Greenl. on Ev. Sec. 451; and mere disgrace without danger of punishment, is not enough to ground it upon. Ibid. and Sec. 454. The question objected to did not carry with it any necessary implication of crime committed, or even of acts disgraceful.

An indebtedness without the consent of the appellees may have accrued through some error of judgment, or lack of vigilance in the conduct of their business, for the results of which he was pecuniarily responsible, or under a guaranty of the fidelity of another.

As the question was relevant to the cause on trial, as tending to show whether the witness was under peculiar obligations to the party calling him (2 Tay. Ev. 1231–3), it was removed from the class of cases in which it is held to be discretionary with the trial judge whether he will allow questions to a witness which charge him with misconduct in matters wholly unconnected with the pending cause.

If the bargain was as the witnesses for the appellants said, that the paper might be returned " at any time," there was no room for the inquiry as to what would have been a reasonable time, and all competent testimony offered tending to inform the jury whether that was the bargain, should have been admitted. If, as argued, the appellants might have proved the same matter by other witnesses, that does not cure the error. Mackin v. Blythe, 35 Ill. App. 216.

The exclusion was error and the judgment must be reversed and the cause remanded.

*Reversed and remanded.*