## WILKIN SAMUEL

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield Nov. 10, 1896 — Rehearing denied January 15, 1897.*

1. WITNESSES—*right of witness to refuse to criminate himself—waiver.* The right of a witness in a criminal case to refuse to give evidence tending to criminate himself is not waived by the fact that he has signed an affidavit of the truth of the allegations in an information upon which the case is based.

2. SAME—*when court may disregard a witness' privilege.* A witness who, without claiming his privilege, understandingly discloses part of a transaction exposing him to criminal prosecution, may, ordi-

narily, be compelled to state the entire transaction, but his disclosures made long before trial cannot be used for such purpose.

3. APPEALS AND ERRORS —*trial court's disregard of witness' privilege —who may complain.*   Where the evidence given by a witness under the court's compulsion is competent against the accused, the fact that the court erroneously disregarded the claimed privilege of the witness cannot be assigned as error by the accused, unless he was, himself, the witness.

*Samuel* v. *People,* 61 Ill. App. 186, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the County Court of DeWitt county; the Hon. GEORGE K. INGHAM, Judge, presiding.

This was a proceeding under an information by the State's attorney against the defendant, filed in the county court on the 14th day of December, 1894, containing six counts, charging the defendant with gaming, keeping a gaming house, and in the first count of said information that he "did permit persons unlawfully to come together and play at a game with cards, and sport for money and other valuable things, to-wit, chips of the value of ten cents each, at and in a house then and there unlawfully kept, used and occupied by him," etc.   At the common law term of the said court, on January 21, 1895, a trial was had before the court, a jury having been waived, and the court found the defendant guilty under the first count of the information, being the one above quoted from, and sentenced him to pay a fine of $150 and costs of suit, which judgment has been affirmed by the Appellate Court, and the present writ of error is sued out to review such judgment of affirmance.

On the trial of the case a witness, who testified, was one Oscar King, who had previously signed an affidavit upon the back of the information, to the effect that the allegations therein contained were true.   There was an ordinance in force in the city of Clinton making it a penal offense for any person to frequent or visit or be found in

any room or house or place used for the purpose of gam-, ing, or to bet on any such game when played by others. This witness, when placed upon the stand and interrogated by the State's attorney, claimed his privilege to decline answering each and every question propounded to him by the State's attorney touching the question of his being in any gaming room or place used for that purpose, or playing at any game, or giving a description of the room or place wherein any such gaming occurred, etc., on the ground that the answers which the truth would compel him to give would tend to criminate himself or render him liable to the penalty prescribed by said ordinance.   The court refused to entertain his claim of privilege and compelled him to testify to all that he knew concerning said matters, notwithstanding his claim of privilege, upon the ground, that, he having voluntarily and at his own request caused the prosecution to be commenced, his privilege was waived.   One other witness testified that the plaintiff ran a gambling house within the required time prescribed by law.   The third witness claimed his privilege, and refused to answer on the ground that a truthful answer would tend to incriminate himself.   There was no evidence offered by the defense.

R. A. LEMON, for plaintiff in error:

Where it reasonably appears that the answer will have a tendency to expose the witness to a penal liability, or to any kind of punishment, or to a criminal charge, the witness is not bound to answer, but he may claim the protection at any stage of the inquiry, whether he has already answered the question in part or not at all. 1 Greenleaf on Evidence, sec. 451.

If a witness called to support a criminal prosecution objects to giving his testimony because it will criminate himself, but is nevertheless erroneously compelled to testify, and the defendant is convicted, it seems that the error does not affect the rights of the witness alone, but

that the defendant may object that the conviction was founded upon illegal evidence. *Commonwealth* v. *Kimball*, 24 Pick. 366.

Although a person voluntarily testified as a witness before a grand jury, and an indictment was found upon his testimony, yet he did not thereby waive his privilege to decline testifying when called as a witness on the trial. *Temple* v. *Commonwealth*, 2 Crim. Law. Mag. 645.

MAURICE T. MOLONEY, Attorney General, and JOHN FULLER, State's Attorney, (T. J. SCOFIELD and M. L. NEWELL, of counsel,) for the People.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

Two questions are presented for our consideration by this record. *First*—Where a witness, in a criminal prosecution, claims his privilege of refusing to answer a question upon the ground that the answer will criminate him or expose him to a penal liability, is the court justified in disallowing such claim, if it appears that the witness has previously made an affidavit, endorsed upon the back of the information filed by the district attorney, stating that the matters and things set out in the information are true. It is contended in this case, that the witness, claiming the privilege, caused the prosecution to be commenced by his voluntary act of swearing to the truth of the information, and that he thereby waived his right to insist upon his privilege, when called upon to testify at the trial subsequently taking place. It is urged in support of this contention, that a man ought not to be permitted to set the machinery of the law in motion, and then afterwards turn the prosecution into naught by withholding his evidence.

The privilege in question is a constitutional right, of which the citizen cannot be deprived by either legislatures or courts. Section 10 of the Bill of Rights says:

"No person shall be compelled in any criminal case to give evidence against himself." (1 Starr & Curtis' Stat. p. 104). The privilege, which a witness has of refusing to give evidence which will criminate himself, is granted to him upon grounds of public policy, and as one of the safeguards of his personal liberty. It cannot be regarded as released or waived by some disclosure, which he may have made elsewhere and under other circumstances. If the answer to a question put to him as a witness upon the stand might tend to criminate him, it would not tend any the less to do so because he had elsewhere made a statement having such a tendency. The question is not as to what he may have previously said in an affidavit, but the question is whether the disclosure he is asked to make as a witness upon the trial of the case will have a tendency to expose him to a criminal charge or penalty. We are of the opinion that his constitutional right in this regard is not abridged or waived by the fact of making the *ex parte* affidavit endorsed upon the information filed by the prosecuting attorney. (*Minters* v. *People*, 139 Ill. 363; *Lamson* v. *Boyden*, 160 id. 613).

Reliance is placed upon the doctrine, announced in a number of cases, that a witness, who voluntarily and understandingly discloses part of a transaction exposing him to a criminal prosecution without claiming his privilege, is ordinarily obliged to go forward and complete the narrative by stating the whole of the transaction. (Wharton on Crim. Ev.—9th ed.—sec. 470; 29 Am. & Eng. Ency. of Law, p. 844). This doctrine, however, can have no application here, unless the statements, made in the affidavit endorsed upon the information, and the statements, made in the testimony elicited upon the trial, may be regarded as parts of one continuous account. We do not think, however, that, under the doctrine thus invoked, the affidavit and the evidence on the trial can be thus run together so as to be considered one statement. The doctrine applies only to a case where the witness, while

testifying upon the trial, states a fact and afterwards refuses to give the details, or discloses a part of a transaction, in which he was criminally concerned, without claiming his privilege, and then refuses to go forward and state the whole; it does not apply to a case, where some admission made long prior to the trial is sought to be brought forward and joined to the answers given on the trial. (*State* v. *Foster*, 23 N. H. 348; *People* v. *Freshour*, 55 Cal. 375; *Town of Norfolk* v. *Gaylord*, 28 Conn. 309).

The information in this case is presented by the State's attorney; it so states in the beginning, and is signed by him. Under the statute all offenses cognizable in county courts must be prosecuted by information of the State's attorney, Attorney General or some other person; and the statute provides, that, when an information is presented by any person other than the State's attorney or Attorney General, it shall be verified by affidavit of such person that the same is true. (1 Starr & Cur. Stat. p. 727; Rev. Stat. chap. 37, sec. 117). Hence, the affidavit here endorsed upon the information cannot be treated as a part thereof. "No verification is necessary except when the information is by a person other than the State's attorney or Attorney General." (*Long* v. *People*, 135 Ill. 435; *Gallagher* v. *People*, 120 id. 179).

The case of *Temple* v. *Commonwealth*, 75 Va. 892, is an instructive one upon the subject now under consideration; there, in a prosecution for managing and conducting a lottery, it was held, that a witness could not be required to testify if he would thereby criminate himself; and it was also held, that "the fact that the witness testified before the grand jury, and that it was on his testimony that the indictment was found, will not deprive him of his privilege to decline to testify on the trial of the party indicted." The witness in that case, who testified before the grand jury, was as much the moving cause of the prosecution, as the witness here, who made the affidavit endorsed upon the information; and if testifying before

the grand jury does not waive the right to claim the privilege, there is no good reason why the making of the affidavit upon the information should operate as such waiver. In what is here said we merely hold that, if the witness was entitled to claim his privilege in this case, he did not waive his right to claim such privilege by reason of having made the affidavit upon the information.

*Second*—The next question, which the record presents, is whether the plaintiff in error can assign as error, that the court below compelled the witness to testify, notwithstanding his claim of his privilege. It will be noted, that the witness here was not Wilkin Samuel, the party indicted, and the present plaintiff in error, but it was Oscar King, a third person, not connected with the prosecution, or involved in it. The witness, King, did not persist in his refusal to testify after the court decided against him upon the question of his right to claim his privilege, but, after such decision, he proceeded to answer the questions addressed to him. He might have refused to answer notwithstanding the adverse ruling, and might have chosen to submit to punishment as for a contempt. There were such refusal and punishment in the cases of *Minters* v. *People, supra,* and *Temple* v. *Commonwealth, supra.* "The refusal of a witness to answer any question which he may be lawfully required to answer is a contempt of court, and, if he persists in his refusal, he may be punished accordingly." (29 Am. & Eng. Ency. of Law, p. 846).

It is not contended, that the evidence, given by the witness, King, was not competent evidence under the issues involved, but it is claimed that the defendant below is entitled to complain, because King was compelled to testify although claiming his privilege. This is a matter of which the witness alone can complain, and of which the plaintiff in error can take no advantage as being error committed against himself.

The privilege is that of the witness, and not of the party; and counsel will not be allowed to make the ob-

164—25

jection. The privilege cannot be interposed by either party to the action, nor can either party raise the objection on behalf of the witness. It must be claimed by the witness in order to be available, and it lies with him to claim it or not, as he may choose. As the privilege is personal to the witness, he may waive it and elect to testify. (*Mackin* v. *People*, 115 Ill. 312; *Moline Wagon Co.* v. *Preston & Co.* 35 Ill. App. 358; *State* v. *Foster, supra;* 1 Greenleaf on Evidence, sec. 451; Wharton on Crim. Ev.—9th ed. —sec. 465; 29 Am. & Eng. Ency. of Law, p. 843). This being so, the evidence is equally good, where the witness, instead of giving it voluntarily, is compelled to give it.

In *Regina* v. *Kinglake*, 11 Cox's Crim. Cases, 499, where a witness, called on behalf of the crown, refused to give evidence, on the ground that it would tend to criminate himself, but, the objection being overruled by the judge, gave his evidence, it was held, that the defendant could not object that such evidence was improperly received; that the privilege of refusing to answer questions on the ground that they tend to criminate is that of the witness alone; and that neither party to the suit can take any advantage therefrom; Cockburn, C. J., saying: "By refusing to be examined, the witness may have exposed himself to imprisonment for contempt, or to a fine. But that merely concerns the witness himself. If he chooses to give his evidence voluntarily it would be perfectly good evidence, and it would not be illegal evidence in any sense whatever, and there could be no cause of complaint. If so, what difference does it make that he has given his evidence in consequence of some coercion which has been put upon him? I can see no reason for saying, that, when the witness is compelled to answer, although he might have objected, that is a ground of objection on the part of either of the litigants;" Blackburn, J., saying: "The privilege is that of the witness, and, if he waives it, it is his own affair. But if, instead of giving his evidence voluntarily, he gives it under compulsion,

what is the difference? The party in the suit is not in-jured;" MELLOR, J., saying: "It is clear that, if Mr. Lovibond (the witness) had made no objection, his evi-dence would have been receivable, and it really can make no difference that he objected and was compelled to give his evidence."

So also in *Cloyes* v. *Thayer*, 3 Hill, 564, it was said by NELSON, C. J.: "The court erred, also, in compelling the payee of the note to answer questions tending to crimi-nate himself. * * * But the error is not available to the plaintiff. The privilege belongs exclusively to the witness, who may take advantage of it or not at his pleasure. * * * If ordered to testify in a case where he is privileged, it is a matter exclusively between the court and the witness. The latter may stand out and be committed for contempt, or he may submit; but the party has no right to interfere or complain of the error." So, also, in *Morgan* v. *Halberstadt*, 60 Fed. Rep. 592, it was said: "Such privilege belongs exclusively to the witness. The party to the suit has no right to insist upon it, ex-cept where he is himself the witness. And if the witness waives his privilege, or the court disregards it and re-quires him to answer, the party has no right to interfere or complain of the error."

In view of the authorities thus referred to and quoted from, we hold that the plaintiff in error, Wilkin Samuel, has no right to complain of the ruling of the trial court as error.

We regard the evidence as sufficient to warrant a conviction. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*