(No. 20035

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DAVID C. ROCKOLA, Plaintiff in Error.

*Opinion filed April 17, 1930—Rehearing denied June 6, 1930.*

LOUIS P. PIQUETT, and JOHN OWEN, (ARTHUR A. HUEBSCH, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., EDWARD E. WILSON, HENRY E. AYERS, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, who was adjudged guilty of contempt of court and sentenced to six months in the county jail of Cook county because of his refusal to answer certain questions propounded to him in open court, has brought the case here for review on the ground that his constitutional rights have been prejudiced.

It appears that an indictment was returned at the April, 1929, term of the criminal court of Cook county against one Patrick J. Collins and others, charging them with the crime of conspiracy to bribe certain police officers of the city of Chicago to keep them from interfering with certain gambling devices sought to be operated by different individuals in the city of Chicago. The indictment charged that Collins and others had conspired with plaintiff in error and others to commit the crime above mentioned. Plaintiff in error was not made a defendant to the indictment, but on the trial of the defendants thereunder he was called as a witness for the People and certain questions were propounded to him, which he refused to answer on the ground that to do so would tend to incriminate him, and he claimed

his constitutional privilege to refuse to give evidence against himself. The State's attorney thereupon filed in that court a petition representing that plaintiff in error was a material witness in the case of People *vs.* Collins *et al.* and seeking a rule on plaintiff in error to answer all questions relevant and material to the issues in the cause. It is set out in the petition that the State's attorney had promised plaintiff in error that if he would testify before the grand jury concerning the operation of slot machines and on the trial of indictments returned for such offenses, he, the State's attorney, would not prosecute plaintiff in error but would give him complete immunity for all such violations; that plaintiff in error had testified before the grand jury and had at that time stated that he would testify on the trial. The petition further set out that the transactions concerning which plaintiff in error had testified before the grand jury and of which he was asked on the trial would tend to incriminate him but, that the statutory period of limitation had run as to such as were misdemeanors and no action could be instituted against plaintiff in error as to them; that the statements of plaintiff in error before the grand jury showed him to be guilty of the crime of bribery and that the statutory limitations had not expired as to such offense. The petition prayed that the court enter an order granting immunity to plaintiff in error from all liability to be prosecuted on account of any matters concerning which he was required to testify at the trial and to command plaintiff in error to answer all material questions put to him on such trial, and that if he refused to answer that the court punish him for contempt.

After a hearing an order was entered finding that the plaintiff in error had testified before the grand jury as to his acts and transactions with the defendants charged by the indictment with conspiracy and that the Statute of Limitations had run against all misdemeanors disclosed by the testimony of plaintiff in error before the grand jury. The

order granted immunity to plaintiff in error from prosecution for any crimes disclosed by testimony to be given by him. Plaintiff in error was then again placed on the witness stand and asked various questions concerning transactions and conversations with the defendants, all of which he refused to answer, claiming his constitutional privilege. The court thereupon adjudged him guilty of contempt and sentenced him to six months in the county jail.

Section 10 of article 2 of the constitution, providing that no person shall be compelled to give evidence against himself in any criminal case, has been so frequently construed by this court as to require no citation of the cases. The question here is whether plaintiff in error was granted immunity equal to his constitutional guaranty. He cannot be compelled to testify unless such immunity as was granted was as broad as the constitutional guaranty. (*People* v. *Boyle,* 312 Ill. 586.) The petition filed by the People for rule on plaintiff in error alleges that certain of the crimes that would be disclosed by plaintiff in error's testimony were subject to the defense of the Statute of Limitations. The indictment charges that the acts of conspiracy took place on May 11, 1928. The petition in this case was filed in November, 1929, more than eighteen months after the date alleged in the indictment. It does not appear in the petition or in evidence on the hearing whether plaintiff in error during those eighteen months was continuously a resident of the State of Illinois. Prosecutions for misdemeanors must be commenced within one year and six months from the time of committing the offense. Section 5 of division 4 of the Criminal Code, however, excludes from such time the period during which the party charged was not usually and publicly a resident within the State. The showing of the petition therefore was not sufficient to compel him to testify concerning such misdemeanors.

It is also set out in the petition that the State's attorney promised immunity from punishment, and that therefore he

should be compelled to testify. This question has not been previously considered by this court. It has been held that where, in pursuance of a promise of immunity, an accused or witness has testified and by his testimony given incriminating evidence against himself, the State will be required to live up to the bargain as to immunity and a conviction of the defendant of such crimes as his testimony discloses cannot be sustained. (*People* v. *Bogolowski,* 317 Ill. 460; *People* v. *Bogolowski,* 326 id. 253.) It is, however, quite another thing to say that because the State's attorney offers immunity the witness or the accused must give evidence which incriminates him, or to say that even though he had agreed so to do he is bound to keep that agreement. The ground on which immunity, where promised by the State, must be given, and where the party has testified as promised, is, that the dignity of the State requires that it keep faith with its promises. No such reason inheres in the promise of the individual witness though he is morally obligated to do so. By some courts it is held that promises by prosecuting officers of immunity are not sufficient ground for a plea in bar to the prosecution for the same crime later but may be ground for recommendation of pardon. *Lowe* v. *State,* 73 Atl. (Md.) 637; *Commonwealth* v. *St. John,* 54 N. E. (Mass.) 254; *Wight* v. *Rindskopf,* 43 Wis. 344; *State* v. *Graham,* 41 N. J. L. 15; Wharton's Crim. Evidence, secs. 439-443.

In *Samuel* v. *People,* 164 Ill. 379, a witness who had made an affidavit to an information filed stating that the matters and things set out in the information were true, refused, when put on the witness stand, to testify on the ground that his testimony would tend to incriminate him. It was held that his constitutional rights were not abridged or waived by the fact that he had made the *ex parte* affidavit endorsed upon the information. To the same effect is *Lamson* v. *Boyden,* 160 Ill. 613; *Minters* v. *People,* 139 id. 363; *Temple* v. *Commonwealth,* 75 Va. 892. The

privilege of a witness to refuse to give evidence tending to incriminate him is granted by the constitution as one of his safeguards of personal liberty. The question, when attempt is made to compel him to testify, is not as to what he may have previously said, but whether his answers on the witness stand will have a tendency to expose him to a criminal charge or penalty, though, if he answers on promise of immunity by the State's attorney, he cannot thereafter be punished for the crimes disclosed by that testimony. (*People* v. *Bogolowski, supra.*) We are of the opinion that on offer of immunity his agreement to testify by reason of such offer, while morally binding on him, is not such as may subject him to contempt in case he refuses to carry out the arrangement and claims his constitutional privilege.

It is also contended by the People that the judgment in this case should be affirmed because the court granted plaintiff in error immunity from prosecution under section 35 of division 1 of the Criminal Code. That section empowers the court, in the case of any investigation before a grand jury or the trial of any person charged with any offense mentioned in either section 31, 32, 33 or 34 of division 1 of the Criminal Code, concerning bribery, to grant immunity to a witness where it appears that such witness is other than one charged with such an offense and is a necessary witness in the case and his evidence would tend to criminate him. This section also requires that such witness testify, and provides that the immunity order entered shall be a bar to any prosecution for any offense shown by his testimony. The four preceding sections of the statute are confined to different species of the crime of bribery, and while, as was held in *People* v. *Boyle, supra,* immunity, which the court has authority to grant, covers any offense which the witness' testimony might disclose in him, yet before the court has authority to enter an order of immunity it must appear that the offense being tried or under investi-

480

gation is one mentioned in one of the four preceding sections of the statute. The power of the court to grant immunity under section 35 is confined to offenses enumerated in the four preceding sections. These sections define only the crime of bribery. The charge of conspiracy to commit the offense of bribery is not one of the offenses mentioned in those four sections, and the court was therefore without authority to enter the order granting immunity to plaintiff in error under section 35 and it was error to find him guilty of contempt.

The judgment of the criminal court of Cook county is reversed.

*Judgment reversed.*