(No. 37694.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
CLIFFORD EDWARD WALKER, Appellant.

*Opinion filed September 27, 1963.*

KENNETH A. GREEN and THOMAS J. LOGUE, both of Mattoon, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and RALPH D. GLENN, State's Attorney, of Charleston, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and MARK B. HUNT, JR., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Coles County found the defendant, Clifford Edward Walker, guilty of perjury, and he was sentenced to the penitentiary for a term of not less than three nor more than ten years. The most serious of the contentions that he advances upon this appeal, and the only one that we find it necessary to consider, centers about his claim that in the proceedings that led to his conviction his constitutional privilege against self-incrimination was violated.

The circumstances are unusual. The defendant had pleaded guilty to an indictment that charged him with the burglary of the Presbyterian Church in Mattoon, and a hearing upon his application for probation was held on May 26, 1961. At that hearing the defendant was sworn and testified that certain statements which he had given to the police were true. Included in those statements was the assertion that on February 19, 1961, he, together with Russell A. Tomer and Thomas M. Shatto, had burglarized St. John's Lutheran Church, also in Mattoon.

On May 31, 1961, the defendant was called to testify before the Coles County grand jury, and under oath he again testified that he, together with Russell A. Tomer and Thomas M. Shatto, had burglarized St. John's Lutheran Church on February 19, 1961.

Russell A. Tomer was subsequently indicted for the burglary of St. John's Lutheran Church, and that case came on for trial on March 26, 1962. At that time the defendant Walker was in the penitentiary and a writ of *habeas corpus ad testificandum* was issued to compel his attendance. When he was called as a witness he asserted his privilege against self-incrimination. On motion of the prosecutor the court entered an immunity order which provided that "this Order shall forever be a bar to any indictment, information or prosecution against said witness for any felony or misde-

meanor shown in whole or in part by such testimony or evidence except for perjury committed in the giving of such testimony."

After the immunity order was entered, the defendant testified that he was not with Shatto and Tomer on February 19, 1961, and that they did not enter St. John's Lutheran Church at that time or at any other time. The prosecutor was then permitted to examine him as a hostile witness, and he was pressed as to whether the statements he made under oath in connection with his application for probation and before the grand jury were false. He admitted that they were, saying, "At that time I would have involved anyone in it."

Shatto was called as a witness at Tomer's trial. He, too, claimed his privilege against self-incrimination, was granted immunity and he also denied the burglary of St. John's Lutheran Church. A directed verdict of not guilty was returned in favor of Tomer, and judgment was entered upon that verdict.

Thereafter the present proceeding was commenced against the defendant Walker. The first count of the indictment returned against him charged him with perjury at his probation hearing on May 26, 1961, asserting that he falsely stated that he, Shatto and Tomer had participated in the burglary of St. John's Lutheran Church. The second count charged that he committed perjury before the grand jury on May 31, 1961, when he gave similar testimony. The third count charged that he committed perjury on March 26, 1962, at Tomer's trial, when he stated that he and Tomer did not burglarize St. John's Lutheran Church. The fourth count charged perjury by contradictory statements under oath on May 26, 1961, and on March 26, 1902, and the fifth count charged perjury by contradictory statements on May 31, 1961, and on March 26, 1962.

At the trial it was proved that each of the three statements charged in the indictment was made by the defendant

under oath. The prosecution did not attempt, however, to show which of the statements was false, and offered no proof to show that St. John's Lutheran Church had actually been burglarized. Tomer was called as a witness by the defendant and denied that he broke into the church at any time. All counts of the indictment were submitted to the jury and a general verdict of guilty was returned.

Before we reach the defendant's claim that his constitutional privilege against self-incrimination was violated, it is appropriate that we consider the People's suggestion that his privilege was waived by his voluntary testimony at the probation hearing and before the grand jury. It is true that the defendant testified voluntarily both at his probation hearing and before the grand jury, although it does not appear that he was advised of his privilege on either of these occasions. But the doctrine of waiver is limited to the particular proceeding in which the voluntary testimony was given. The view that prevails, apparently without dissent, is thus stated by Wigmore. "His voluntary testimony before a *coroner's inquest,* or a *grand jury,* or other preliminary and separate proceeding, e.g. in *bankruptcy,* is therefore not a waiver for the main trial; nor is his testimony at a first trial a waiver for a *later trial."* 8 Wigmore on Evidence, 3rd ed. sec. 2276; see cases collected, 36 A.L.R. 2d 1403.

In *Samuel* v. *People,* 164 Ill. 379, one who had initiated a prosecution by making an affidavit endorsed upon the back of an information, swearing to the truth of the charge, was held not to have waived his privilege when called to testify as a witness at the trial. The court stated, "The doctrine applies only to a case where the witness, while testifying upon the trial, states a fact and afterwards refuses to give the details, or discloses a part of a transaction, in which he was criminally concerned, without claiming his privilege, and then refuses to go forward and state the whole; it does not apply to a case, where some admission made long prior

to the trial is sought to be brought forward and joined to the answers given on the trial." 164 Ill. at 383, 384.

In *People* v. *Rockola*, 339 Ill. 474, it was held that a witness who testified before the grand jury could not be compelled to testify at the ensuing trial unless he was effectively granted immunity. The fact that a single civil action has been regarded as one continuous proceeding so that the filing of a sworn pleading, (*Loraitis* v. *Kukulka*, 1 Ill.2d 533) or the giving of a deposition, (*Stalder* v. *Stone*, 412 Ill. 488) constituted a waiver, does not, in our opinion, justify a departure from the established rule. Indeed, if the separate proceedings here involved were to be regarded as "one transaction", as the People urge, prosecution of the defendant would apparently be barred under section 32—2 of the Criminal Code of 1961. (Ill. Rev. Stat. 1961, chap. 38, par. 32—2.) We hold that the defendant's privilege against self-incrimination was not waived.

In passing upon the defendant's claim that his privilege against self-incrimination was violated, it must first be recognized that his contradictory statements under oath were material and that one or the other of them was false. This the defendant concedes, and he testified at the Tomer trial that his earlier statements were false. It must also be recognized, however, that this testimony was given under compulsion, pursuant to the statute which provides that "Whenever, in any * * * trial * * * of any person charged with a criminal offense * * * it shall appear to the court that any person called as a witness in behalf of the prosecution is a material witness and that his testimony * * * would tend to incriminate him, on motion of the State's Attorney the court may cause an order to be entered of record that such witness be released from all liability to be prosecuted or punished on account of any transaction, matter or thing concerning which he may be required to testify * * *; and such order shall forever after be a

bar to any indictment, information or prosecution against the witness for any felony or misdemeanor shown in whole or part by such testimony  *  *  *  except for perjury committed in the giving of such testimony;  *  *  *. Any witness who, having been granted immunity as aforesaid, refuses to testify  *  *  *  may be punished for contempt of the court and sentenced to the county jail for not more than two years." Ill. Rev. Stat. 1961, chap. 38, par. 714.1.

The statute eliminates the constitutional privilege against self-incrimination by a grant of immunity that bars a prosecution of the witness for any offense "shown in whole or part by such testimony." With the possibility of self-incrimination thus eliminated, the witness may be compelled to testify. To be valid, the immunity afforded by such a statute "must be broad enough to protect him against all future punishment for any offense to which the evidence relates." *Halpin* v. *Scotti,* 415 Ill. 104, 108.

The People suggest, however, that immunity is not to be extended to a prior perjury. No authorities are cited in support of this suggestion, and those that we have found are to the contrary. Wigmore says: "But of course  *  *  *  an answer confessing under compulsion that an answer on *a former examination* was false can not be used on a trial for perjury in the former answer: 1912 State v. Thornton, 245 Mo. 436, 150 S.W. 1048." (8 Wigmore on Evidence, 3rd ed. sec. 2270, note 6; see, also, *People* v. *Florentine,* 276 App. Div. 730 (1950,) 97 N.Y.S. 2d 553, affirmed without opinion. The short answer to the People's suggestion, of course, is that the statute contains no exception as to prior perjury, and that such an exception would render it invalid.

The defendant's statements at his probation hearing and before the grand jury fall squarely within the language of the statute under which he was given immunity. The falsity of these statements was shown by the testimony that he was compelled to give under penalty of punishment for contempt, after his claim of constitutional privilege had

been made and overruled and after he had been granted immunity. A charge of perjury cannot, therefore, be predicated upon the falsity of those statements. The situation is not altered by section 32—2 of the Criminal Code of 1961 which provides that when an offender has made contradictory statements under oath the prosecution need not establish which statement is false. (Ill. Rev. Stat. 1961, chap. 38, par. 32—2.) In the words of the immunity statute, the offense of perjury by inconsistent statements was shown "in whole or part" by the testimony that he gave under the statutory grant of immunity.

It remained open to the prosecution to prove that the testimony of the defendant at the Tomer trial was false, as charged in the third count of the indictment. This it did not do. It offered no testimony to support that count. There was no proof that St. John's Lutheran Church had been burglarized.

For the reasons stated, the judgment of the circuit court of Coles County must be reversed.

*Judgment reversed.*