CITY OF COLUMBUS, APPELLANT AND CROSS-APPELLEE, *v.*
COOPER, APPELLEE AND CROSS-APPELLANT.

[Cite as Columbus *v.* Cooper (1990), 49 Ohio St. 3d 42.]

(No. 88-1568—Submitted October 24, 1989—Decided February 21, 1990.)

*Ronald J. O'Brien,* city attorney, *James J. Fais,* city prosecutor, and *Maria J. Armstrong,* for appellant and cross-appellee.

*James Kura,* county public defender, and *Allen V. Adair,* for appellee and cross-appellant.

SWEENEY, J.

## I

It is the contention of appellant that the court of appeals erred in reversing appellee's conviction. Appellee responds that the appellate court correctly determined that the actions of the trial court in foreclosing Osborne's appearance as a defense witness violated his right to compulsory process. Section 10, Article I of the Ohio Constitution guarantees that an accused may obtain compulsory process to procure the appearance of witnesses on his behalf. It provides in relevant part:

"In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, *and to have compulsory process to procure the attendance of witnesses in his behalf,* and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. * * *" (Emphasis added.)

It is the essential contention of the appellant city that Section 10, Article I does not afford the accused the right to have a witness take the stand for the purpose of asserting his Fifth Amendment privilege. Appellee responds that Osborne was not sought as a witness merely to assert his constitutional right against self-incrimination, but was instead called so that he could testify regarding matters about which he had testified in the pretrial hearing and to afford the jury an opportunity to observe the physical resemblance he bore to appellee. Appellant maintains that these purposes were equally served through appellant's offer to stipulate to that portion of Osborne's testimony given in the pretrial hearing and the admission into evidence of the photograph of Osborne.

There appears to be a factual dispute as to the nature of Osborne's testimony if he were permitted to testify. It is the position of appellee that Osborne's assertion of his Fifth Amendment privilege at trial would be co-extensive with the scope of his assertion thereof during the pretrial hearing. Appellant responds that Osborne had indicated prior to trial that he would assert the privilege regarding "all relevant matters" concerning the events of March 21, 1987. In concluding that the testimony of Osborne was wrongfully excluded, the court of appeals relied upon the decision of this court in *State* v. *Dinsio* (1964), 176 Ohio St. 460, 466, 27 O.O. 2d 430, 434, 200 N.E. 2d 467, 471, wherein it was stated:

"A witness, even though he has

previously indicated that he will refuse to testify on the ground that to do so would incriminate him, may be called as a witness.

"As stated in *State* v. *Snyder* (1953), 244 Iowa, 1244, 1248, 59 N.W. (2d), 223:

"'The general rule is, as stated in 58 Am. Jur., Witnesses, Section 53, that "although a witness cannot be compelled to give incriminating testimony, he must if properly summoned appear and be sworn." His privilege is available only as a witness and cannot be extended so as to excuse him from appearing. If the witness himself cannot escape being sworn by claiming in advance that he will refuse to testify, certainly the defendant, against whom such witness is offered, cannot claim greater rights.' See, also, 8 Wigmore on Evidence, 402, Section 2268.

"The possibility that a witness may claim the privilege does not prohibit the prosecutor from asking questions. *Commonwealth* v. *Granito, supra* (326 Mass., 494)."

Appellant argues that *Dinsio* stands for the proposition that a witness may not be questioned merely to elicit an assertion of his Fifth Amendment privilege. However, that is not the holding of *Dinsio*. The syllabus thereto provides as follows:

"In a criminal case, where a claim of a witness that he can not be compelled to testify as a witness because of the privilege of immunity from self-incrimination is properly established, *it is error prejudicial to the defendant for the court to permit counsel for the state, by continued questioning of the witness, which questions go unanswered, to get before the jury innuendoes and inferences of facts, conditions and circumstances which the state could not get before the jury by direct*

*testimony of the witness*." (Emphasis added.)

Thus, *Dinsio* does not preclude questioning which may elicit the assertion of the Fifth Amendment privilege, but merely *repeated* questioning where reassertion of the privilege is assured. A trial court is well within its discretion to limit such repeated questioning but may not prevent the witness from appearing at trial on behalf of the defendant.

It is also important to recognize that *Dinsio* arose in the context of the state seeking to get before a jury evidence which was prejudicial to the accused. In contrast, the case at bar involves the right of a defendant to obtain compulsory process on his behalf as guaranteed by Section 10, Article I of the Ohio Constitution. The state enjoyed no similar right in *Dinsio*.

Appellant further seeks to distinguish *Dinsio* from the case *sub judice* by stating that, in *Dinsio*, it was not established until trial that the prosecution witness would assert his right against self-incrimination. In the case at bar, this determination as to Osborne had already been made in the pretrial proceeding. Accordingly, it is argued, there was no necessity to ask Osborne concerning events about which he had refused to testify at pretrial. As mentioned previously, however, the mere questioning of a witness which elicits the assertion of the Fifth Amendment privilege is not error. It is error to engage in persistent questioning where the answers thereto are preordained. In the instant matter, simply assuming that Osborne's response to all questions would be the assertion of his right against self-incrimination is error when such assumption precludes the defendant from calling a witness on his behalf.

Appellant contends that its offer to stipulate to the content of Osborne's

testimony at the pretrial and the admission of a photograph of Osborne was an adequate substitute for the live testimony of Osborne. However, where the identity of the driver is crucial, a Polaroid photograph of Osborne is hardly sufficient. Moreover, whatever testimony that may have been elicited from Osborne which was consistent with the testimony of appellee and his other witnesses and inconsistent with that of Beine may have proved to be the difference between acquittal and conviction. A mere stipulation by counsel would not have had the same effect.

We therefore conclude that, pursuant to the Compulsory Process Clause of Section 10, Article I of the Ohio Constitution, a trial court may not exclude a person who has previously asserted his right against self-incrimination from appearing as a witness on behalf of a criminal defendant.

## II

On cross-appeal, appellee contends that Osborne may be compelled to testify regarding matters about which he testified at the pretrial hearing. The court of appeals held that Osborne, irrespective of his prior voluntary testimony, had not waived his privilege against self-incrimination such as to preclude its assertion in the event an identical inquiry was pursued at trial on remand. The basis for this determination was the belief by the appellate court that the pretrial and the trial constituted "separate proceedings."

In support of his view that the court of appeals erred, appellee cites the following language from McCormick on Evidence (3 Ed. 1984) 347, Section 140:

"Waiver of the privilege by one not an accused, as the waiver of the privilege of an accused, is effective throughout but not beyond the 'proceeding' in which it is made. Thus it applies to additional appearances during the same proceeding but not to appearances in separate and independent proceedings."

The difficulty with this excerpt from McCormick is that it begs the question as to what constitutes a "separate proceeding." While it may appear that the pretrial and trial are part and parcel of the same proceeding, courts have held that a preliminary hearing and subsequent trial are distinct undertakings. Thus, in *People* v. *Walker* (1963), 28 Ill. 2d 585, 588, 192 N.E. 2d 819, 821-822, the Illinois Supreme Court observed as follows:

"* * * [T]he doctrine of waiver is limited to the particular proceeding in which the voluntary testimony was given. The view that prevails, apparently without dissent, is thus stated by Wigmore. 'His voluntary testimony before a *coroner's inquest*, or a *grand jury*, or other preliminary and separate proceeding, e.g. in *bankruptcy*, is therefore not a waiver in the main trial * * *.' 8 Wigmore on Evidence, 3rd ed. sec. 2276; see cases collected, 36 A.L.R. 2d 1403." (Emphasis *sic*.)

Accordingly, it 'is our further determination that failure to assert the right against self-incrimination in a pretrial hearing will not effect a waiver of the right at trial. A witness may not be compelled to testify at trial as to matters about which he provided testimony in a pretrial proceeding.

Therefore, should Osborne seek to assert his privilege with respect to events occurring on the night of March 21, 1987, he may not be compelled to testify regarding those matters disclosed by him at the preliminary hearing.

## III

Appellee further contends on cross-appeal that he was entitled to a jury instruction concerning Osborne's unavailability as a witness. We disagree. If, as appellee contends, his intent in calling Osborne as a witness was (1) to elicit testimony which Osborne had previously given and presumably would give again and (2) to afford the jury the opportunity to compare the physical appearance of appellee and Osborne but not to get before the jury his assertion of his Fifth Amendment rights, it appears incongruous for appellee to insist upon the requested jury instruction. While the consideration of such "evidence" by the jury here would not rise to the level of prejudicial error present in *Dinsio,* such instruction was legitimately rejected by the trial court below on the basis of relevance. A jury simply may not consider invocation of the privilege against self-incrimination for any purpose.

For the reasons stated above, the judgment of the court of appeals is affirmed and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.

*Judgment affirmed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.