JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Petitioner-appellant Thomas McIntosh appeals the judgment of the Hamilton County Court of Common Pleas denying his R.C. 2953.21 petition for postconviction relief and his Civ.R. 60(B) motion for relief from judgment. He presents on appeal two assignments of error, in which he challenges the denial of his first and sixth postconviction claims. Finding no merit to these challenges, we affirm.
McIntosh was convicted in September of 2000 of two counts of possession of marijuana, a single count of trafficking in marijuana, and a single count of conspiracy to possess and/or traffic in marijuana. He challenged his convictions in a postconviction petition and a Civ.R. 60(B) motion.[1] He contended, in his first postconviction claim, that the prosecution had denied him his constitutional rights to compulsory process and to present a defense, when its plea agreements with three individuals with whom McIntosh had been indicted had effectively precluded these co-indictees from testifying for him at his trial. In his sixth postconviction claim, he contended that he had been denied the effective assistance of counsel at trial because his trial counsel had failed to compel these co-indictees to appear at trial. The common pleas court denied his postconviction petition, but left unaddressed his Civ.R. 60(B) motion. McIntosh appealed.
On appeal, we reversed in part the judgment of the common pleas court and remanded the case for an evidentiary hearing on his first and sixth postconviction claims.[2] In our decision, we noted that the federal and state constitutions preserve to a criminal accused "the right to present a defense" by conferring upon the accused the right to present witnesses in his defense and to compel their attendance at trial. We further noted that, to establish a violation of this right, the accused must show that the omitted testimony would have been material and favorable to his defense.[3] We determined that McIntosh had supported his petition with evidence demonstrating that the prosecution had entered into plea agreements with his co-indictees that had effectively precluded them from testifying at his trial. But we concluded that he had failed to show the substance of their proposed testimony to demonstrate that it would have been material and favorable to his defense.[4] We attributed this lapse to the judicially created restriction on discovery in the initial stages of a postconviction proceeding. And we concluded that the "problems of proof" posed by this restriction required us to afford McIntosh an opportunity to satisfy his burden of proof. For that purpose, we remanded the case for an evidentiary hearing on his first and sixth claims.[5]
On remand, the common pleas court conducted a hearing, addressed and overruled McIntosh's Civ.R. 60(B) motion, and again denied relief on his first and sixth postconviction claims. McIntosh took this appeal.
At the hearing, McIntosh presented testimony that showed that the prosecution's plea agreements with his co-indictees had effectively dissuaded them from testifying at his trial. But he produced only one of the three proposed witnesses, and she declined to provide any testimony that could be said to be material and favorable to his defense. The court admitted into evidence McIntosh's own affidavits. But the self-serving declarations contained in those affidavits were insufficient as a matter of law to rebut the contrary evidence adduced at his trial.[6] McIntosh thus failed to establish a violation of his right to present a defense. We, therefore, hold that the common pleas court properly denied his first postconviction claim.[7] Accordingly, we overrule the first assignment of error.
McIntosh's failure to show the material and favorable nature of the omitted testimony also proved fatal to his sixth postconviction claim. We cannot say that McIntosh's trial counsel, in failing to compel his co-indictees to appear at trial, denied him the effective assistance of counsel, when McIntosh failed to demonstrate at the hearing a reasonable probability that, but for his counsel's omission, the result of the trial would have been different.[8] We, therefore, hold that the common pleas court properly denied his sixth postconviction claim.[9] Accordingly, we overrule the second assignment of error and affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.
[1] In his direct appeal, we remanded the case for resentencing upon our determination that the possession charges involved allied offenses of similar import, but we otherwise affirmed his convictions. See State v.McIntosh (2001), 145 Ohio App.3d 567, 763 N.E.2d 704.
[2] See State v. McIntosh, 1st Dist. No. C-020593, 2003-Ohio-3824.
[3] Id., at ¶ 17 (citing United States v. Valenzuela-Bernal [1982],458 U.S. 858, 868-873, 102 S.Ct. 3440; Washington v. Texas [1967],388 U.S. 14, 19, 87 S.Ct. 1920; Columbus v. Cooper [1990], 49 Ohio St.3d 42,44, 550 N.E.2d 937).
[4] Id. at ¶ 20.
[5] Id. at ¶ 21.
[6] See State v. Kapper (1983), 5 Ohio St.3d 36, 448 N.E.2d 823.
[7] See R.C. 2953.21(G).
[8] See Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
[9] See R.C. 2953.21(G).